IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS


VICKY D'AMICO, as Special
Administration of the Estate
of Alexis M. D'Amico, deceased,

Plaintiff,

v.

DANTE D'AMICO,                          No. 16-cv-910-DRH-SCW

Defendant.


MEMORANDUM AND ORDER


HERNDON, District Judge:

## I.   INTRODUCTION

Now before the Court is a motion for summary judgment brought by
defendant Dante D'Amico (Doc. 22). Defendant seeks summary judgment in his
favor as to plaintiff Vicky D'Amico's, as Special Administrator of the Estate of
Alexis D'Amico, deceased, two-count complaint alleging negligent entrustment and
negligence under the Illinois Wrongful Death Act, 740 Ill. Comp. Stat. Ann. 180/1
et seq. (Doc. 1-2). Plaintiff opposes the motion (Doc. 29). For the following
reasons, defendant's motion is **GRANTED**.

## II.  BACKGROUND

On the evening of August 29, 2014, at approximately 7:33 p.m., Alexis D'Amico, daughter of both the plaintiff and defendant, was involved in an automobile accident near the intersection of Michael Road and Michael Drive in Highland, Illinois. As a result of the accident, Alexis sustained fatal injuries.

Vicky and Dante were married in 1997 and divorced in 2010. Alexis lived with Vicky until February 2013 when she moved in with Dante. From February 2013, until her death on August 29, 2014, Alexis lived with Dante and did not spend a single night at Vicky's home. (Doc. 23-1). Alexis obtained her driver's license two months before the accident, in June 2014. At the time of the accident, she was driving a 1987 Chevrolet Corvette owned by the defendant (Doc. 29-1, pg. 10).

On August 12, 2016, defendant removed this case from the Circuit Court of Madison County, Illinois asserting diversity jurisdiction under 28 U.S.C. § 1332 (Doc. 1).[1] Plaintiff's complaint alleges in Count I that defendant negligently entrusted his Corvette to Alexis and that his negligent entrustment proximately caused Alexis' death. (Doc. 1-2). Specifically, plaintiff alleges in Count I that defendant had a duty to refrain from entrusting his Corvette to Alexis when he knew or should have known that she lacked the experience, competence and skills to operate the Corvette. *Id.*  In Count II, plaintiff alleges that defendant was negligent in allegedly failing to properly maintain the Corvette when he knew or

---

[1] At the time this case was filed, plaintiff Vicky D'Amico, was a citizen of North Carolina, and defendant Dante D'Amico was a citizen of Missouri (Doc. 1).

should have known of the unsafe conditions of the vehicle, including the brakes, steering mechanism, tires, wheels and other mechanical problems. *Id.* Plaintiff seeks recovery under the Wrongful Death Act (740 ILCS 180.1 et seq.) for pecuniary loss, including loss of companionship, society, love and affection arising out of Alexis' death. On July 24, 2017, defendant filed the underlying motion seeking summary judgment on both counts of plaintiff's complaint (Doc. 22), to which plaintiff responded (Doc. 29). The Court will address each count in turn.

### III. <u>LEGAL STANDARD</u>

Summary judgment is proper when the pleadings, discovery, and disclosures establish that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *Winsley v. Cook Cnty.,* 563 F.3d 598, 602–03 (7th Cir. 2009); Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). All reasonable inferences are drawn in favor of the nonmovant and all factual disputes are resolved in favor of the nonmovant. *Scott v. Harris*, 550 U.S. 372 (2007); *Fischer v. Avanade, Inc.*, 519 F.3d 393, 401 (7th Cir. 2008). The movant bears the burden of establishing the absence of fact issues and entitlement to judgment as a matter of law. *Santaella v. Metro. Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997) (citing *Celotex*, 477 U.S. at 323). In response, the non-moving party may not rest on bare pleadings alone, but instead must highlight specific material facts to show the existence of a genuine issue to be resolved at trial. *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000).

A genuine dispute as to a material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Pugh v. City of Attica, Indiana,* 259 F.3d 619, 625 (7th Cir. 2001). The Court will enter summary judgment against a party who does not "come forward with evidence that would reasonably permit the finder of fact to find in [its] favor on a material question." *McGrath v. Gillis,* 44 F.3d 567, 569 (7th Cir. 1995).

## IV.    LAW AND APPLICATION[2]

Based on the automobile accident that occurred on August 29, 2014, plaintiff brings the present two-count complaint alleging a negligent entrustment claim in Count I and a negligence claim in Count II, both pursuant to the Illinois Wrongful Death Act, 740 ILCS 180/1. The purpose of the Illinois Wrongful Death Act is to compensate the parents and siblings of the deceased family member for pecuniary losses resulting from that family member's death. *Elliott v. Willis*, 92 Ill.2d 530, 65 Ill.Dec. 852, 442 N.E.2d 163, 168 (1982).

### a.  Negligent Entrustment

Plaintiff claims that defendant is liable for negligently entrusting his Corvette to their daughter, Alexis. In Illinois, an action for negligent entrustment consists of "entrusting a dangerous article to another whom the lender knows, or should know, is likely to use it in a manner involving an unreasonable risk of

---

[2] The parties agree that Illinois law applies. *See Auto–Owners Ins. Co. v. Websolv Computing, Inc.*, 580 F.3d 543, 547 (7th Cir.2009) ("When a federal court hears a case in diversity, it applies the choice-of-law rules of the forum state to determine which state's substantive law applies."); *Tanner v. Jupiter Realty Corp.*, 433 F.3d 913, 915 (7th Cir.2006) (Illinois courts apply the most significant relationship test to choice of law disputes).

harm to others." *Zedella v. Gibson*, 165 Ill.2d 181, 185, 650 N.E.2d 1000, 1002 (Ill.1995). The negligent act of giving an automobile to an incompetent driver forms the basis of the tort. *Pelczynski v. J.W. Peters & Sons, Inc.*, 178 Ill.App.3d 882, 886 (1989). "[A] person may be liable for the negligent entrustment of a vehicle 'where that person entrusts the vehicle to one whose incompetency, inexperience, or recklessness is known or should have been known by the entrustor of the vehicle.' " *Watson v. Enter. Leasing Co.*, 325 Ill.App.3d 914, 921, 258 Ill.Dec. 915, 757 N.E.2d 604 (2001).

In the context of motor vehicles, Illinois courts focus on two primary considerations in a negligent entrustment analysis: (1) whether the owner of the vehicle entrusted his car to an incompetent or unfit driver, and (2) whether the incompetency of that other person proximately caused plaintiff's injury. *Evans v. Shannon*, 201 Ill. 2d 424, 434, 776 N.E.2d 1184, 1190 (2002); see also *McGath v. Price*, 342 Ill.App.3d 19, 27–28, 276 Ill.Dec. 42, 793 N.E.2d 801 (2003). The case law provides, when considering a negligent entrustment claim, the driver's driving record is highly relevant. *See Lockett v. Bi-State Transit Authority*, 94 Ill. 2d 66, 74 (1983). For this reason, a plaintiff must provide proof that the entrusting defendant knew or should have known that the entrusted driver was "incompetent, inexperienced or reckless." *Lulay v. Parvin*, 359 Ill. App. 3d 653, 658 (2005).

In this case, defendant's ownership of the 1987 Corvette, driven by Alexis on the date of the accident, is undisputed. It is also undisputed that Alexis was a

licensed driver when her father entrusted the Corvette to her, and that she was speeding at the time of the accident. According to the plaintiff, Alexis had obtained her driver's license two months before the accident in June 2014. Defendant asserts that the undisputed facts establish that Alexis possessed the competence, experience and skill necessary to drive the Corvette, and in fact, Alexis' own contributory negligence accounted for more than 50% of the total proximate cause of the accident. In light of Alexis' contributory negligence, defendant argues that plaintiff's negligent entrustment claims "are "self-defeating and cannot exist and cannot exist as a matter of law".

In contrast, plaintiff contends that there is a genuine issue of material fact concerning whether the defendant negligently entrusted a car to Alexis because of Alexis' alleged impulsivity, proclivity for speeding, and lack of maturity. In addition, plaintiff asserts there is a question of fact as to whether defendant should have been aware of Alexis' lack of competence or recklessness. The Court disagrees.

Upon review of the record, the Court finds that plaintiff has not come forward with evidence to support her claim for negligent entrustment. There is simply no evidence adduced by, or produced by, the plaintiff that supports the theory that Alexis was inexperienced, incompetent or reckless, let alone attaches notice of such to the defendant. The undisputed facts show that Alexis obtained her learner's permit, passed her driver's education course, received driver training from both the plaintiff and defendant in their Explorer, Corvette and

Civic, and met the requirements necessary for obtaining an Illinois driver's license without issue (Doc. 30-1. pg. 61; 64). Defendant notes that Alexis completed 50 hours of behind-the-wheel driver training and continued to drive with him after she got her license. (*Id.* at 61; 69). This included Alexis driving the Corvette 2-3 times each week without issue. (*Id.* at 83-84).

Plaintiff's response to the defendants' motion for summary judgment is completely devoid of specific facts showing that Alexis was an incompetent or reckless driver, and that defendant knew or should have known of such. Plaintiff admits that she never had problems with Alexis's driving while riding with her, before or after she obtained her license. Also, she was not aware of any problems with Alexis' driving when she was with the defendant. (Doc. 30, pg. 102; 108). Further, plaintiff admits that had she felt Alexis was not competent enough to obtain her driver's license, then she would have objected and not have taken her to the DMV. (*Id.* at 104). Plaintiff does not present any evidence of tickets, accidents or any other evidence establishing a record of reckless or incompetent actions by the decedent prior to her fatal accident.

Plaintiff relies on her theory of the case that it is negligent to entrust "a hotrod car" to a 16-year-old, because a teenager will push the limits of the vehicle and the standard concepts of safe driving (Doc. 30, pg. 118). This includes alleging that teenagers drive differently depending on whether or not a parent is in the car with them. However, this argument is simply based on speculation, and plaintiff offers no evidence to support such a claim. For example, despite plaintiff

alluding to speeding, Alexis was never cited for speeding, nor did the plaintiff ever observe an issue with Alexis speeding while she was in the vehicle with her. (*Id.* at 113). Plaintiff does not contend that defendant had knowledge of any episodes of speeding. Furthermore, nobody came forward after the accident to inform plaintiff that they observed Alexis speeding (Doc. 30, pg. 118). Plaintiff concludes the reason that she never heard about Alexis speeding is because "the only people that would have seen that would have been kids, and I don't think they are going to tell me." (Id. at 118-119). The Court infers from plaintiff's assertion that the same applies to Alexis's other parent, the defendant.

Specific "facts" require more than just speculation or conclusory statements. See *Heft v. Moore*, 351 F.3d 278, 283 (7th Cir.2003) (stating that "summary judgment is proper when the plaintiff's case consists of factually unsupported claims ...," that the plaintiff cannot merely rest on the pleadings, and that the plaintiff must show specific facts that are not merely speculation of conclusory statements). Although there was an entrustment of the Corvette from defendant to Alexis, there is simply no evidence in the record exhibiting incompetence or unfitness on the part of Alexis that was, or should have been, known by defendant prior entrusting the Corvette to his daughter. See, e.g. *McGath v. Price*, 342 Ill. App. 3d 19, 793 N.E. 2d 801, 803 (1st Dist. 2003); *Jones v. Beker*, 260 Ill. App. 3d 481, 487, 632 N.E. 2d 273 (1994). Finally, given the Court's disposition above, the Court finds that it unnecessary to address the

issue of contributory negligence, as plaintiff's theory of the case is based on speculation, and there is no evidence to support plaintiff's cause of action.

Construing the evidence and all reasonable inferences in plaintiffs' favor, the Court finds that the evidence presented on the motion for summary judgment does not create a genuine issue of fact on plaintiff's negligent entrustment claim. Accordingly, the Court **GRANTS** summary judgment on Count I.

### b. Negligence

In Count II, plaintiff claims that defendant was negligent in failing to properly maintain the Corvette when he knew or should have known of unsafe conditions, including but not limited to unsafe brakes, tires, wheels, steering mechanism, or other mechanical problems. (Doc. 1-2, pg. 7). Defendant moves for summary judgment on Count II arguing that plaintiff has failed to set forth any evidence to establish that the Corvette was improperly maintained, that the Corvette had any unsafe conditions at the time of the accident, or that defendant knew or should have known of any aforementioned alleged unsafe conditions (Doc. 23). In her response, plaintiff concedes this assertion (Doc. 29).

Therefore, given that no genuine issue of material fact exists with respect to plaintiff's negligence claim for failure to properly maintain the Corvette, the Court **GRANTS** summary judgment on Count II.

### V.   <u>CONCLUSION</u>

For the reasons stated above, the Court **GRANTS** defendants' motion for summary judgment (Doc. 22). The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

Judge Herndon
2018.03.29 12:12:55
-05'00'

**United States District Judge**